
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NENG ZHUO LIN, | No. 13-72230 |
| Petitioner, | Agency No. A089-780-545 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Respondent's motion to reinstate the briefing schedule, deemed a motion to

lift the prior stay of proceedings, is granted.

Neng Zhuo Lin, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo due process challenges. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Lin does not challenge the agency's determination that, even if Lin was credible and established past persecution, his presumption of a well-founded fear of future persecution in China was rebutted by the passage of time and the absence of harassment by the government since 1989. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Substantial evidence supports the agency's determination that Lin did not otherwise establish an objectively well-founded fear of future persecution in China. *See He v. Holder*, 749 F.3d 792, 796 (9th Cir. 2014). Thus, we deny the petition as to Lin's asylum claim.

Because Lin failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190 (9th Cir. 2006).

13-72230

We lack jurisdiction to consider Lin's CAT claim because he did not exhaust it before the BIA. *See Barron*, 358 F.3d at 677-78.

Finally, we reject Lin's contention that the IJ denied him due process by failing to provide a Cantonese interpreter because Lin stated at the hearing that he was more comfortable proceeding in Mandarin and his counsel did not object during the proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**